**SUSAN MARTIN (AZ#014226)**
**DANIEL L. BONNETT (AZ#014127)**
**JENNIFER KROLL (AZ#019859)**
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Ave., Suite 2010
Phoenix, AZ 85004
(602) 240-6900
Facsimile: (602) 240-2345
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com

Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Jet Services, LLC, individually and as assignee of Jane Doe, | Case No: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Giant Eagle, Inc., individually and as Plan Administrator of Giant Eagle Group Health Insurance; Giant Eagle Group Health Insurance, | **(JURY TRIAL REQUESTED)** |
| Defendants. | |

This is an action for breach of contract, negligent misrepresentation, promissory estoppel and quantum meruit for Defendants' failure to pay for medically necessary air ambulance services rendered by Angel Jet Services, LLC ("Angel Jet") to Jane Doe.

This is also an action under ERISA, 29 U.S.C. 1001 *et. seq.* on behalf of Angel Jet as assignee of Jane Doe's claim for benefits against Defendants and for violation of ERISA's claims procedure and disclosure requirements.

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

2. This Court also has jurisdiction over this action under ERISA, pursuant to 29 U.S.C. §1132(e), (f), and 28 USC § 1331.

3..	This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

4.	Venue is proper under 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims took place in this district.

5.	Venue is also proper under 29 U.S.C. § 1132(e) because the breach took place in this district.

**PARTIES**

6.	Angel Jet is an Arizona corporation with its principal place of business in Scottsdale, Arizona. Angel Jet is a provider of specialty air ambulance services.

7.	Jane Doe was, at all relevant times, a participant in the Plan and assigned her rights under the Plan to Angel Jet. Jane Doe's true identity is set forth on Exhibit A hereto and Defendants are aware of Jane Doe's true identity.

8.	The Plan is an employee benefit plan providing health and medical benefits to eligible employees of Giant Eagle, Inc. and their dependents. The Plan is an "employee welfare benefit plan," and "employee benefit plan" within the meaning of §§ 3(1), (3) of ERISA, 29 U.S.C. §§1002(1),(3).

9.	Giant Eagle, Inc. ("Giant Eagle") is a corporation with its principal place of business in Pittsburgh, Pennsylvania. Giant Eagle is the "Plan Administrator" of the Plan within the meaning of  § 3(16)(a) of ERISA, 29 U.S.C. §1002(16)(a).

**FACTUAL ALLEGATIONS**

10.	Angel Jet is a worldwide air ambulance service provider. Angel Jet utilizes specialty aircraft that are medically customized and equipped to provide medical transport services. Angel Jet's services include transportation from a hospital to airplane and from airplane to another hospital and include the provision of trained medical service professionals, including physicians and other appropriate medical personnel.

11.	In or around January 2009, Jane Doe was hospitalized in Monaco in extremely critical medical condition. She required medically necessary air ambulance services to transport her from Monaco to Pittsburgh, Pennsylvania.

12. Members of Mrs. Doe's family contacted Angel Jet at its Scottsdale, Arizona office to request medical air medical transport services to transport Mrs. Doe from Monaco to Pittsburgh, Pennsylvania.

13. On or about January 23, 2009, before Angel Jet arranged for and provided emergent international air medical services to Mrs. Doe, Angel Jet contacted Giant Eagle verbally and in writing via email from its Scottsdale, Arizona offices, using an Arizona address on its email.

14. Giant Eagle, individually and as Plan Administrator for the Plan, through Lora E. Dikun, Director of Retail Human Resources and Benefits Manager, verified Mrs. Doe's eligibility for benefits, expressly authorized Angel Jet to provide the services to Mrs. Doe and promised to pay Angel Jet for its services, including ambulance transportation for Mrs. Doe from Center Hospitalier Princesse in Monaco to an airport in Nice, France and private air ambulance transportation from the airport in Nice, France to an airport in Pittsburgh, Pennsylvania and ambulance transportation from the airport in Pittsburgh, Pennsylvania to a medical center in Pittsburgh, Pennsylvania.

15. In reasonable reliance on Giant Eagle's confirmation of eligibility and authorization and promises to pay, Angel Jet undertook to provide Mrs. Doe with medically necessary services.

16. Plaintiff spent numerous hours working from its Arizona offices and utilized several Arizona staff members to: arrange the flight; obtain medical personnel to utilize on board the flight; coordinate with the sending and receiving medical centers; prepare the family and correspond with Defendants regarding Mrs. Doe's benefits, and obtain authorization to provide the services to Mrs. Doe.

17. Due to Mrs. Doe's extremely critical medical condition, medical providers, including a physician, went to Monaco and escorted and cared for Mrs. Doe on the journey from Monaco to Pittsburgh, including on the flight.

18. Not counting the ground transportation that was provided to Mrs. Doe in Monaco and in Pennsylvania, the flight itself took more than 12 hours from beginning to end

1 and required three stops, including a stop to change the flight crew because of the number
2 of hours of flying time. The ground portion of the journey required medical personnel to
3 resuscitate and stabilize Mrs. Doe before the flight began following an episode at the airport
4 during which Mrs. Doe stopped breathing.

5     19. Meeting and retrieving Mrs. Doe from Monaco, transporting her to the aircraft,
6 and providing medical care on the aircraft through to Pittsburgh involved three trained
7 medical professionals, including an internal medicine physician, a registered nurse trained
8 in critical care, a respiratory therapist and two members of the flight crew.

9     20. Because of Mrs. Doe's critical medical condition, Mrs. Doe required what can
10 be considered a mobile hospital, with all of the same staff, equipment and precautionary
11 measures.

12     21. On or about January 26, 2009, Angel Jet performed the services for which it
13 was retained and Mrs. Doe was transported safely to a hospital in Pittsburgh as requested and
14 authorized.

15     22. For providing the services of a mobile hospital, including all preparation and
16 staff, in accordance with its standard charges, on or about January 27, 2009, Angel Jet
17 submitted a claim form and bill to Defendants for $957,930.00 for the air ambulance services
18 provided to Mrs. Doe.

19     23. The services rendered by Plaintiff to Mrs. Doe were rendered pursuant to a
20 valid contract between Plaintiff and Defendants.

21     24. The services rendered by Plaintiff were benefits to which Mrs. Doe was entitled
22 under the terms of the Plan.

23     25. Despite Defendants' explicit authorization and promise to pay, Defendants
24 have breached their contract with Plaintiff and have failed and refused to pay without
25 explanation.

26     26. Despite repeated requests for payment and submission of several appeals by
27 Angel Jet as assignee of Mrs. Doe's claim, Defendants have refused to pay any portion of
28 Angel Jet's bill for air ambulance services.

27. On or about January 27, 2009, Angel Jet, as assignee and representative of Mrs. Doe, made a written request to Defendants for a copy of the summary plan description. Defendants have failed to provide Angel Jet with a copy of the summary plan description.

28. In violation of ERISA and regulations thereunder, the Plan Administrator has failed to provide a full and fair review of Mrs. Doe's claim for benefits and appeal therefrom. The Plan Administrator failed to provide a written claim denial, adhere to time limits applicable to decisions on claims and appeals, or provide information required under ERISA claims regulations, including documents required to be furnished under ERISA and applicable regulations.

29. As a result of Giant Eagle's failure to pay Angel Jet, Giant Eagle has breached its contract with Angel Jet, and Angel Jet has been harmed.

30. As a result of the Plan's failure to pay Angel Jet, Giant Eagle has violated the terms of the contract, Plan and ERISA, and Angel Jet has been harmed.

## COUNT I

## BREACH OF CONTRACT

Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as if set forth fully herein.

31. At the time Mrs. Doe was provided with air ambulance services, Defendants had contracted with Angel Jet for air ambulance services and had agreed, in writing, to make payment to Angel Jet for such services.

32. Plaintiff performed all services under the contract to the satisfaction of Mrs. Doe and Defendants. Plaintiff demanded payment in accordance with the contract.

33. Defendants breached the agreement by failing to pay Plaintiff in accordance with the contract.

34. As a result of Defendants' breach of contract, Angel Jet has been harmed and has been deprived of payment due and owing for services rendered and is entitled to payment in the amount of $957,930.00, together with interest, attorneys' fees and costs in accordance with Ariz. Rev. Stat. §§ 44-1201 and 12-341.01 and other applicable law.

# COUNT II

## NEGLIGENT AND/OR INTENTIONAL MISREPRESENTATION

Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as if set forth fully herein.

35. Defendants represented to Plaintiff that Mrs. Doe was eligible for benefits under the Plan and requested and authorized Angel Jet to provide the services and promised to make payment.

36. Defendants intended that its representation to Angel Jet would be relied upon and acted upon in order to induce Angel Jet to provide international air medical services to Mrs. Doe under an emergent timeline.

37. Defendants' representations concerning Mrs. Doe's eligibility for benefits under the Plan and its promises to pay Angel Jet for such services constituted representations upon which Angel Jet reasonably relied in agreeing to provide and in providing the services to Mrs. Doe.

38. As the result of Defendants' misrepresentations, Plaintiff has been deprived of payment due and owing for services rendered in the amount of $957,930.00 and Defendants are liable to Angel Jet for intentional and/or negligent misrepresentation in such amount; the total charges for the services provided by Angel Jet, together with interest, attorneys' fees and costs in accordance with applicable law.

# COUNT III

## PROMISSORY ESTOPPEL

Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as if set forth fully herein.

39. As set forth herein, Defendants made representations to Angel Jet that Mrs. Doe was eligible for benefits for medical care and air transportation services rendered by Angel Jet and that Defendants would pay Angel Jet for its services with the expectation that said representations would induce Angel Jet to provide the services that it provided.

40. Angel Jet reasonably relied to its detriment on Defendants' representations and

1  provided international air medical services to Mrs. Doe in reliance on Defendants'
2  representations that they would pay for such services.

3      41.    Failing to enforce Defendants' representations would constitute a significant
4  injustice. By the acts and omissions set forth above, Angel Jet has been harmed and has
5  suffered economic loss.

6      42.    Defendants are estopped to deny that they are liable to Angel Jet for payment
7  in the amount of $957,930.00 for the air ambulance services from Monaco to Pittsburgh
8  together with interest, attorneys' fees and costs in accordance with Ariz. Rev. Stat. §§ 44-
9  1201 and 12-341.01 and other applicable law.

## COUNT IV
## QUANTUM MERUIT

12      Plaintiff repeats and realleges each and every allegation contained in the previous
13  paragraphs as if set forth fully herein.

14      43.    By verifying Mrs. Doe's eligibility and benefits and by representing that they
15  would pay for Angel Jet's ambulance services, Defendants both expressly and impliedly
16  requested Angel Jet to provide care and treatment to Mrs. Doe.

17      44.    As a result, Angel Jet provided significant medically necessary care and
18  services to Mrs. Doe to the best of its ability.

19      45.    Angel Jet's provision of medical care and services to Mrs. Doe was intended
20  to and in fact benefitted Defendants in that Mrs. Doe was provided with medically necessary
21  care and services that Defendants were obligated to provide to Mrs. Doe.

22      46.    Defendants have not paid the charges for the emergent care and international
23  services that Angel Jet provided to Mrs. Doe.

24      47.    As a result of the benefits conferred upon Defendants and by Angel Jet, Angel
25  Jet is entitled to damages in quantum meruit in the amount of $957,930.00, the total charges
26  for the ambulance services from Monaco to Pittsburgh together with interest, attorneys' fees
27  and costs in accordance with Ariz. Rev. Stat. §§ 44-1201 and 12-341.01 and other applicable
28  law.

# COUNT V

## BREACH OF CONTRACT AND RECOVERY OF BENEFITS AND ENFORCEMENT OF RIGHTS PURSUANT TO SECTION 502(a)(1)(B) OF ERISA

Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as if set forth fully herein.

48. Section 502 (a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), provides that:

A civil action may be brought -

(1) by a participant or beneficiary - . . .
(2) to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

49. By the foregoing acts and by failing to pay benefits owed to Mrs. Doe and assigned to Angel Jet, Defendants violated the terms of the Plan and ERISA.

50. Plaintiff, as assignee of Mrs. Doe's claim to benefits, has been damaged by Defendants' violations of the Plan and ERISA and is entitled to legal and equitable relief as a result thereof, including, but not limited to, payment of the claim for services rendered by Angel Jet, together with prejudgment interest, attorneys' fees and costs pursuant to ERISA § 502(g).

# COUNT VI

## VIOLATIONS OF ERISA'S CLAIM PROCEDURES AND DISCLOSURE REQUIREMENTS

Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

51. Section 503 of ERISA, 29 U.S.C. § 1133 provides in relevant part:

In accordance with regulations of the Secretary, every employee benefit plan shall--

**(1)** provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

**(2)** afford a reasonable opportunity to any participant whose

> claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

52. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) provides that a civil action may be brought by a participant (A) to enjoin any act or practice which violates any provision of Title I of ERISA or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of Title I of ERISA or the terms of the plan.

53. Section 104 (b)(4) of ERISA, 29 U.S.C. §1024(b)(4), provides in pertinent part:

> (a) The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, and terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

54. Section 502(c)(1)(B) of ERISA, 29 U.S.C. § 1132(c)(1)(B), provides in pertinent part:

> Any administrator. . .(B) who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may, in the court's discretion, be personally liable to such participant or beneficiary in the amount of up to [$100] a day from the date of such failure or refusal and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, . . .each violation described in subparagraph (b) with respect to a single participant or beneficiary, shall be treated as a separate violation.

55. Pursuant to the Debt Collection Improvement Act of 1996 (62 Fed. Reg. 40696) the $100 limit referred to in Section 502(c) of ERISA was increased to $110. 29 C.F.R. § 2575.502(c)(1) therefore states in pertinent part that: "The maximum Section amount of the civil monetary penalty established by Section 502(c)(1) of. . .ERISA [has been] increased from $100 a day to $110 a day."

56. By the acts and omissions set forth above, Defendants violated ERISA's disclosure requirements, claims procedure requirements and applicable regulations. As a result of Defendants' acts and omissions, Plaintiff has been damaged and its rights to benefits under the Plan, and to pursue Mrs. Doe's claim for benefits under the Plan, have been

thwarted, prejudiced and delayed.

57. Pursuant to ERISA §§ 502(a)(3) and 502(c)(1)(B), Plaintiff, as assignee of Mrs. Doe's claims under ERISA, is entitled to injunctive and other equitable relief to redress Defendants' disclosure and claims procedure violations including, but not limited to, an order enjoining Defendants from failing to follow ERISA claims procedures and disclosure requirements and to civil monetary penalties of $110 per day for each day beyond thirty that the Plan administrator refused to provide documents together with attorneys' fees and costs pursuant to ERISA § 502(g).

**WHEREFORE**, Plaintiff demands judgment against Defendants:

a. Declaring that Plaintiff is entitled to payment for services rendered to Mrs. Doe in the amount of $957,930.00 as a result of Defendants' breach of contract, negligent and/or intentional misrepresentation and as a result of promissory estoppel and quantum meruit;

b. Declaring that Defendants violated the terms of the contract, Plan and ERISA by failing to pay for air ambulance services rendered by Angel Jet to Mrs. Doe;

c. Declaring that Defendants violated ERISA's claims procedures and ERISA's disclosure requirements;

d. Entering judgment in favor of Plaintiff and against Defendants in the amount of $957,930.00 together with prejudgment interest, attorneys' fees and costs;

e. Enjoining Defendants to cease and desist from violating ERISA and the terms of the Plan;

f. Awarding Plaintiff $110 per day for each day beyond thirty that Defendant Plan Administrator failed to provide Plaintiff with a copy of the Summary Plan Description;

g. Awarding pre-judgment interest to Plaintiff in accordance with Ariz. Rev. Stat. § 44-1201.

h. Awarding Plaintiff its reasonable attorneys' fees and costs pursuant to Ariz. Rev. Stat. § 12-341.01 and/or ERISA § 502(g) and/or other applicable law, and

    i.    Awarding Plaintiff such other and further relief as the court deems just and proper.

**PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE, PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated this 20th day of July, 2009.

                    **MARTIN & BONNETT, P.L.L.C.**

                    By s/Susan Martin
                        Susan Martin (#104226)
                        Jennifer Kroll (#019859)
                        Daniel L. Bonnett (#014127)
                        1850 North Central Avenue
                        Suite 2010
                        Phoenix, AZ 85004
                        (602) 240-6900

                    Attorneys for Plaintiff