1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Jet Services, LLC, individually and as assignee of Jane Doe,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Giant Eagle, Inc., individually and as Plan Administrator of Giant Eagle Group Health Insurance; Giant Eagle Group Health Insurance,<br><br>　　　　Defendants. | No. CV 09-01489-PHX-MHM<br><br>**ORDER** |

Currently before the court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt.#15). Having considered the briefing associated with this motion, as well as the parties' joint supplemental statement, the Court issues the following Order.

**I.    Background**

Angel Jet filed a complaint seeking payment for the air ambulance transportation services it provided to Jane Doe, who was hospitalized in Monaco and needed to be flown to Pittsburgh, Pennsylvania. Giant Eagle, Mrs. Doe's employer, and Giant Eagle Group Health Insurance Plan, the self-funded insurance plan run by Giant Eagle, allegedly authorized the medical flight services but later refused to pay for them. Mrs. Doe died shortly after her arrival. In this action, Angel Jet is suing Giant Eagle and Giant Eagle Group Health Insurance for breach of contract, negligent misrepresentation, promissory estoppel,

1  quantum meruit, and a cause of action governed by the Employee Retirement Income
2  Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., as an assignee of Jane Doe's claim for
3  benefits against Defendants. (Dkt.#1) Angel Jet also asserts a claim for penalties under
4  ERISA based on Defendants' alleged failure to provide documents in a timely fashion.
5  (Dkt.#1 at 8)

6  Defendants moved to dismiss the complaint based on lack of personal jurisdiction
7  pursuant to Rule 12(b)(2). (Dkt.#15) In essence, Defendants argued that they lacked
8  sufficient contacts with the forum state (Arizona) to subject themselves to the state's general
9  jurisdiction, and that Defendants did not purposefully avail themselves of the privilege of
10 conducting business in Arizona in their dealings with Angel Jet. (Dkt.#15 at 9-16) They also
11 sought attorneys' fees for their costs in preparing the motion. Defendants did not address the
12 effect of ERISA on jurisdiction in their motion, notwithstanding that Plaintiff had clearly
13 alleged ERISA as an alternative basis for jurisdiction in the Complaint: "This Court also has
14 jurisdiction over this action under ERISA, pursuant to 29 U.S.C. § 1132(e), (f), and 28
15 U.S.C. § 1331." (Dkt.#1)

16 Plaintiff pointed out Defendants' failure to address ERISA as a basis for jurisdiction
17 in its Opposition to the Motion to Dismiss (Dkt.#19 at 8) and called Defendants' arguments
18 "frivolous," since "ERISA provides for nationwide service of process and for personal
19 jurisdiction whenever a defendant has minimum contacts with the United States." (Dkt.#19
20 at 8) Plaintiff explained that under ERISA, an action may be brought "in the district where
21 the plan is administered," "where the breach took place," or "where a defendant resides or
22 may be found." 29 U.S.C. § 1132(3)(3); (Dkt.#19 at 8). Plaintiff contended that jurisdiction
23 was proper because the breach took place in Arizona (based on Defendants' failure to pay
24 benefits where they were due in Plaintiff's offices, which were located in Arizona). (Dkt.#
25 19 at 9) Plaintiff further explained that because the Court had jurisdiction over the ERISA
26 claims, the Court also had pendent jurisdiction over the state law claims because these claims
27 arose from the same nucleus of operative facts. (Dkt.# 19 at 10) Plaintiff also argued that
28

even without ERISA, Defendants' contacts with Arizona were sufficient to make the exercise of jurisdiction in Arizona reasonable. (Dkt.#18 at 14)

It was not until Defendants' Reply brief that Defendants raised the argument that Angel Jet lacked standing to assert the ERISA claims because it lacked a valid assignment of Mrs. Doe's rights under the plan. (Dkt. #21 at 3) "In the absence of such an assignment, Angel Jet would not have standing to assert an ERISA claim and this Court would not possess personal jurisdiction over the Giant Eagle Defendants." (Dkt.#21 at 3)

Ordinarily, such arguments should be raised in the initial motion to dismiss, not reserved for the reply brief. However, it appears that Defendants simply failed to anticipate that Plaintiff would raise ERISA as a basis for jurisdiction (despite Plaintiff's explicit assertion of ERISA as a basis for jurisdiction in the complaint). Because it was impossible to rule on this matter without knowing whether there was a valid assignment, the Court ordered Plaintiff to produce the alleged assignment and the parties to submit a joint statement regarding their respective positions regarding the validity of the assignment in supplemental briefing. (Dkt.#22)

Attached to the joint statement were copies of the alleged assignment, including large, legible unsigned versions with faxed computer generated stamps that showed Mr. Doe where he was supposed to sign, and smaller, copies of the signed documents executed by Mr. Doe and witnessed by Armando Guy that appear to have been faxed. As Plaintiff points out, the two copies can be compared and appear to be identical, including the computer generated stamps. (Dkt.#23-1 through 23-4) Defendants conceded that Mr. Doe reviewed the documents and confirmed that they do, in fact, appear to bear his signature. (Dkt.#23 at 6) However, Defendants also submitted a letter dated March 8, 2010 by Mr. Doe that purported to revoke his assignment of benefits to Angel Jet.

Thus, this Order analyzes whether the Court has jurisdiction over this action notwithstanding Mr. Doe's subsequent revocation of the assignment.

**II.     Discussion**

"Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute." U.S. v. Marks, 530 F.3d 799, 810 (9th Cir. 2008). The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction. Id. Here (as opposed to cases involving removal jurisdiction), the burden rests upon Plaintiff, who filed the Complaint in federal court. (Dkt.#1)

The Court need not reach the hypothetical question of whether it would have jurisdiction under the "minimum contacts" test because it appears that there is jurisdiction under ERISA. ERISA provides for nationwide service of process and for personal jurisdiction whenever a defendant has minimum contacts with the United States. 29 U.S.C. § 1132(e)(3) ("Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."); Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992) (explaining that personal jurisdiction over a defendant may be acquired "in one of two ways: by personal service of that defendant or by means of a defendant's 'minimum contacts' within the jurisdiction," and that the ERISA statute provides for the acquisition of personal jurisdiction through nationwide service of process); see also Board of Trustees, Sheet Metal Workers' National Pension Fund v. Elite Erectors, Inc., 212 F.3d 1031, 1037 (7th Cir. 2000) (The ERISA statute "comports with the Constitution and provided the Eastern District of Virginia with personal jurisdiction over [defendants] even on the assumption that neither has any 'contacts' with Virginia.").

Defendants argue that Angel Jet lacks standing to sue under ERISA because it is not a beneficiary of the plan under ERISA and the assignment of the beneficiary's right to sue under the plan has been revoked. However, "[s]tanding is determined as of the commencement of litigation." Biodiversity Legal Foundation v. Badgley, 309 F.3d 1166 (9th Cir. 2002) (citing White v. Lee, 227 F.3d 1214, 1243 (9th Cir. 2003)); Michigan Trust Co. v. Ferry, 228 U.S. 346, 353 (1913) (personal jurisdiction and venue are determined at the outset

1  of litigation and are not affected by subsequent events). Thus, the Court must analyze the
2  issue as of July 20, 2009 (the date on which the Complaint was filed). As of July 20, 2009,
3  it appears that Mr. Doe had assigned Ms. Doe's rights as a beneficiary to Angel Jet.
4  Defendants concede that the documents submitted by Plaintiffs in support of the alleged
5  assignment do, in fact, appear to bear Mr. Doe's signature. (Dkt.#23 at 6) These documents
6  are dated January 26, 2009.

While Defendants argue that these documents are illegible, and that the originals must be produced, Defendants do not appear to dispute that the larger, unsigned copies provided by Plaintiffs fairly and accurately represent the smaller-sized signed copies. Instead, Defendants simply insist that the originals be produced (but without citing any legal authority to support their position). Defendants also comment that the documents are "so poorly drafted as to raise serious questions regarding whether they can constitute a knowing relinquishment of an important right." (Dkt.#23 at 7)

However, the Court's review of these documents demonstrates that, on the contrary, the clauses purporting to make an assignment of Mr. Doe's rights appear quite clear. The documents signed by Mr. Doe contain the following provisions:

> I hereby convey to the above named company to the full extent permissible under the law and under any applicable insurance policies and/or employee health care plan any claim, chose in action, or other legal rights I may have to such insurance and/or employee health care benefits coverage under any applicable insurance policies and/or employee health care plan with respect to medical expenses incurred as a result of the medical services I received from the above named company and to the extent permissible under the law to claim such medical benefits, insurance reimbursement, and any applicable remedies.

(Dkt.#23 at 3-4)

> I hereby designate my health care provider listed above to take all necessary steps as my authorized representative on my behalf to pursue administrative or judicial appeals, in order to seek reimbursement payments for my medical benefits that I am otherwise legally entitled to under my insurance/health plan. I would like to make this designation and authorization absolutely clear and to the fullest extent permissible under applicable and state laws, for my authorized representative to pursue and appeal a benefit determination under my insurance/health plan to act and to directly receive reimbursement payment checks, notices

>and any applicable judicial remedies, on my behalf with respect
>to my significant balance for this medical claim.

(Dkt.#23 at 4) The documents also contain a provision that they will remain in effect until revoked by the participant in writing and that "a photocopy of this assignment is to be considered as valid as the original." (Dkt.#23 at 4)

These provisions, combined with Defendants' concession that his signature does, in fact, appear on the documents, support the inference that Mr. Doe assigned his rights as a beneficiary under ERISA to Angel Jet on January 26, 2009, and that this assignment remained in effect until at least July 20, 2009 (the date of the filing of the Complaint). As explained above, Mr. Doe's purported subsequent revocation of the assignment on March 8, 2010 is irrelevant to the Court's analysis of whether it has jurisdiction over this matter. Thus, for the limited purpose of analyzing the Court's jurisdiction, the Court will assume that a valid assignment occurred.

Logically, the next issue for the Court to consider is whether a valid assignment can confer standing on an assignee for ERISA purposes. The Ninth Circuit has held that an ERISA beneficiary may confer standing on its assignee when such assignments are not prohibited by the plan and are not conferred upon non-health providers. Misic v. Building Service Employees Health and Welfare Trust, 789 F.2d 1374, 1378-79 (9th Cir. 1986) (explaining that "a valid assignment confers upon the assignee standing to sue in place of the assignor" and holding that a doctor had standing to assert the claims of his assignor patient-beneficiaries under ERISA); Davidowitz v. Delta Dental Plan of California, 946 F.2d 1476, 1478 (9th Cir. 1991) ("Under ERISA, a beneficiary has standing to bring a civil action for non-payment. . . . A health care provider with an allegedly valid assignment has the same standing."); *see also* St. Mary Medical Center v. Cristiano, 724 F. Supp. 732, 740 (C.D. Cal. 1989) (explaining that hospital that had provided medical services had standing to sue under ERISA not because the hospital was itself a "plan participant, beneficiary, or fiduciary," but because the hospital "ha[d] submitted evidence that [the beneficiary] made an assignment of her rights of reimbursement to the hospital").

While the Ninth Circuit has drawn some limits around the ability of an individual or entity to reassign claims that have already been assigned, these limits do not appear to apply here. In Simon, the Ninth Circuit refused to allow the assignment of a health care provider's already derivative claim to another assignee (a lawyer who was gathering approximately 600 such claims), even though the claims were assigned by heath care providers who otherwise would have had standing. Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1081 (9th Cir. 2000), *amended on other grounds*, 234 F.3d 428 (9th Cir. 2000) and *overruled on other grounds by* Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir. 2007). The Ninth Circuit explained that while "grant[ing] derivative standing to health care providers to whom beneficiaries had assigned their benefit claims after receiving medical care from such providers" was "consistent with Congressional intent in enacting ERISA," extending the rule to allow a third level assignment would "be tantamount to transforming health benefit claims into a freely tradeable commodity" that could "lead to endless reassignment of claims" and "allow third parties with no relationship to the beneficiary to acquire claims solely for the purpose of litigating them." Id. Here, Angel Jet acted as a health care provider and is seeking payment for services it rendered; it is not a disinterested third party who is seeking only financial remuneration for the claims. Therefore, it appears that Angel Jet has standing to assert the ERISA claims assigned to it by Mr. Doe.[1] Because ERISA confers exclusive jurisdiction over civil actions brought by beneficiaries, it appears that the Court has jurisdiction over this action. Johnson, 572 F.3d 1067. As such, Defendants' Motion to Dismiss (Dkt.#15) is denied. Given that the Motion to Dismiss is denied, Defendants' request for attorneys' fees contained in the Motion to Dismiss is also denied.

Subsequent to the filing of the supplemental briefing ordered by the Court, Defendants also filed a "Brief in Support of their Motion to Amend their Motion to Dismiss to Add a

---

[1] Of course, as the Ninth Circuit made clear in Misic, Defendants will still be able to assert against Angel Jet whatever defenses they would have had against Mr. Doe. Misic, 789 F.2d at 1379 n.5 (noting that "the trust will be able to assert against appellant whatever defenses it possessed against the assignors").

Challenge to Venue Pursuant to Rule 12(b)(3) and (2) Supplement Their Jurisdictional Challenge Based on the Plan's Anti-Assignment Provision" on March 12, 2010. (Dkt.#24) Five days later, Defendants also filed "Additional Attachments to Main Document re Supplement (Dkt.#25). In these documents, Defendants for the first time raised the argument that the plan contained an anti-assignment provision that rendered Mr. Doe's assignment void. They also argued that venue was improper in Arizona even if the assignments were valid. Because neither argument was made in a timely manner, the Court will not consider them now. "Judicial economy requires that the briefing on this motion stop at some point. Both parties have had an adequate opportunity to make their arguments, and the court will not entertain further briefing[,]" U.S. v. Hodgekins, 805 F. Supp. 653 (N.D. Ill. 1992), especially without any reasonable explanation for their failure to present these arguments to the Court in the first place.

Defendants' purported justifications for not raising the defense of improper venue earlier are not compelling. First, they cite to a case by another Judge at the District of Arizona to support their theory that venue is improper: Angel Jet Services LLC v. Red Dot Building Systems' Employee Benefit Plan, 2010 WL 481420 at 3 (D. Ariz. February 8, 2010). However, Red Dot in no way gave Angel the "new" ability to argue that venue should be transferred in a manner that was not available to it before. Indeed, based on earlier statements in Defendants' own briefing, it appears that Defendants have been contemplating moving to transfer this case as far back as November 5, 2009, the date on which their Reply was filed: "Even assuming that Angel Jet obtained a valid assignment from Mrs. Seibel so as to vest this Court with personal jurisdiction over the Giant Eagle Defendants, this action should be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Giant Eagle will soon file a motion seeking such a transfer." (Dkt. #21 at 3 n.4)

Moreover, Defendants themselves acknowledge that their failure to timely assert improper venue would now be barred by Rule 12(g)(2). (Dkt.#24 at 2). Rule 12(g)(2) is designed to preserve judicial resources by ensuring that all defenses are simultaneously

provided to the court in a single motion to dismiss: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."

Similarly, the time for Defendants to raise their anti-assignment clause defense was, at the latest, in its statement regarding the validity of the purported assignment (which was submitted to the Court on March 8, 2010). While Defendants attempt to deflect their own lateness by arguing that Plaintiff was aware of the anti-assignment clause all along, their arguments are unpersuasive. Defendants, as the Plan administrators, were in the best position to know whether the plan contained an anti-assignment clause. They could have (and should have) raised this defense as soon as Plaintiff argued that there was a valid assignment (which occurred, at the very latest, in Plaintiff's Response, which was filed in October). Given Defendants' tardiness in raising this argument, it will not be considered for the purposes of this motion, although it may be considered later when evaluating the merits of the claim.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt.#15).

DATED this 26th day of March, 2010.

_____
Mary H. Murguia
United States District Judge