**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Jet Services, LLC, individually and as assignee of Jane Doe,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Giant Eagle, Inc., individually and as Plan Administrator of Giant Eagle Group Health Insurance; Giant Eagle Group Health Insurance,<br><br>　　　　　Defendants. | No. CV 09-01489-PHX-MHM<br><br>**ORDER** |

Currently before the court is Defendants' Motion for Judgment on the Pleadings on all State Law Claims (Doc. 46) and Defendants' Motion to Remand ERISA claims to Plan Administrator for Completion of Administrative Proceedings (Doc. 47). Having considered the briefing associated with these motions, the Court issues the following Order.

**I.　Background**

Angel Jet seeks to recover $957,930.00 in medical benefits for the provision of air transportation services to Jane Doe, the spouse of a participant in the Plan. The Plan is an employee welfare benefit plan as defined by Section 3(1) of the Employment Retirement Income Security Act of 1974 ("ERISA"). (Doc. 1 ¶ 8). As an assignee of the Plan participant, Angel Jet brought a cause of action under ERISA § 502(a)(1)(B) seeking recovery of medical benefits, as well as a cause of action related to ERISA's claims

procedures. (Doc. 1 ¶¶ 48-50, ¶¶ 51-57). In addition, Angel Jet asserts several non-derivative state law causes of action to recover the same Health Plan Benefits allegedly due under the Plan, namely breach of contract, negligent misrepresentation, promissory estoppel, and quantum meruit.

Defendants filed a motion for judgment on the pleadings on all state law claims (Doc. 46) and also moved to remand the ERISA claims to the plan administrator for the completion of administrative proceedings (Doc. 47).[1]

**II.    Analysis**

    **A.    Standard**

Judgment on the pleadings under Rule 12(c) is proper only when, taking the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. Honey v. Distelrath, 195 F.3d 531, 532-33 (9th Cir. 1999).

Defendants make two principal arguments: (1) that Plaintiff's claims state law claims are preempted by ERISA and (2) that the ERISA claims must be remanded to the Plan Administrator because Angel Jet failed to exhaust its administrative remedies. Each argument is addressed below.

    **B.    Preemption**

Defendants argue that Plaintiff's state law claims directly relate to and are based upon the Health Plan Benefits. (Doc. 46). Since Plaintiff has not alleged that Defendants made any promise, representation or agreement from which they assumed a legal duty or obligation to pay the Health Plan Benefits independent of the health plan, Defendants contend that Plaintiff's state law claims are preempted by ERISA as a matter of law. (Doc. 46 at 2). Defendants quote the correspondence between the parties, which appears to establish that the

---

[1] While these motions are listed as separate docket entries, they were both made in the same document that was filed twice, once under the title Defendants' Motion for Judgment on the Pleadings on all State Law Claims (Doc. 46) and once under the title Defendants' Motion to Remand ERISA claims to Plan Administrator for Completion of Administrative Proceedings (Doc. 47).

1 parties agreed only that the Plan would pay for Ms. Doe's medical benefits; neither Giant Eagle nor the Plan Administrator appear to have made any promise or entered into any contract in which they independently agreed to pay Plaintiff for its services. (Doc. 46 at 4-7).

Angel Jet does not argue that the state law claims are independent of the plan, but instead contends that Defendants' motion "is replete with unsupported statements that conflict with the Complaint, rendering a motion for judgment on the pleadings improper." (Doc. 61 at 2).

ERISA expressly "supersede[s] any and all State laws insofar as they . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a). Congress intended ERISA to provide a uniform regulatory regime over employee benefit plans, and enacted expansive pre-emption provisions to ensure that employee benefit plan regulation would be "exclusively a federal concern." Alessi v. Raybestos-Manhattan, Inc. 451 U.S. 504, 523 (1981); see Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54-56 (1987) (holding that state common law tort and contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan were preempted by ERISA). In Dishman v. UNUM Life Ins. Co. of America, 269 F.3d 974, 983 (9th Cir. 2001), the Ninth Circuit explained this principle when it stated that "claimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort."

Another Ninth Circuit case, Ellenburg v. Parkway, Inc., 763 F.2d 1091 (9th Cir. 1985), dealt with a plaintiff who was attempting to sue his employer for early retirement benefits while asserting both ERISA and state law claims. The Ninth Circuit held that all of his state law claims were preempted, explaining that "ERISA preempts common law theories of breach of contract implied in fact, promissory estoppel, estoppel by conduct, fraud and deceit, and breach of contract. Id. at 1095.

Here, the state law claims (breach of contract, negligent misrepresentation, promissory estoppel, and quantum meruit) all relate to Angel Jet's right to payment of benefits under the Plan. The Complaint, read carefully, supports this interpretation, (Doc. 1 ¶¶ 14, 16, 22) ("verified Ms. Doe's eligibility for benefits . . . "correspond with Defendants regarding Ms.

- 3 -

1  Doe's benefits" . . . "the services rendered by Plaintiff were benefits to which Ms. Doe was
2  entitled under the terms of the Plan."). In addition, the materials referenced in the Complaint,
3  attached as exhibits to Defendants' Motion, reveal that Angel Jet asked for confirmations and
4  representations regarding the Plan (AJS00014), Angel Jet needed confirmation from the
5  "Insurance Plan Fiduciary or Plan Administrator" (AJS00005), and that the claim should be
6  sent to BCBS (JS00016). In none of these emails does it appear that Angel Jet sought
7  authorization or an agreement to pay from anyone other than the Plan.

8        These emails are properly considered by the Court in deciding the instant motion
9  because Plaintiff referenced the emails in the Complaint and they contain the promises,
10 representations, and agreements upon which Plaintiff relied in providing air transport
11 services. See Swartz v. KPMG, LLP, 476 F.3d 756, 763 (9th Cir. 2007) (explaining that the
12 court "may consider a writing referenced in a complaint but not explicitly incorporated
13 therein if the complaint relies upon the document and its authenticity is unquestioned"). As
14 Defendants point out, the attached emails were all produced by Plaintiff as part of its Rule
15 26 initial disclosures, so there can be no question as to their authenticity. (Doc. 46 at 4 n.2).
16 Even Plaintiff's Response supports that the State law claims relate to the plan. For example,
17 Angel Jet states that "Angel Jet informed [Ms. Doe's sister] that it would work to obtain
18 authorization for air medical transportation services from *the Plan*." (Doc. 61 at 3 [emphasis
19 added]).

20       The cases cited by Angel Jet to support that some state law claims may not be
21 preempted by ERISA are inopposite. In these cases, the provider of medical services was
22 suing based on a misrepresentations about the availability of health care benefits to plan
23 participants. See Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc., 944
24 F.2d 752, 756 (10th Cir. 1991) (explaining that "a state law claim which does not affect the
25 'relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries,
26 and the beneficiaries' as such, is not preempted by ERISA" because "[d]enying a third-party
27 provider a state law action based upon a misrepresentation by the plan's insurer in no way
28 furthers the purposes of ERISA") (Doc. 61 at 9). However, here the dispute is not about a

misrepresentation regarding whether Ms. Doe was eligible to receive benefits, but about whether the medical bills incurred by Angel Jet were covered under the plan.  Plaintiff has never argued that Defendants misrepresented whether Ms. Doe was eligible for benefits.  Nor has Plaintiff argued that there is any non-Plan basis for its claims.  Because the state law claims here directly relate to the Plan, they appear to be preempted.  Accordingly, the state law claims will be dismissed.

### C.     Failure to Exhaust Administrative Remedies

Defendants argue that the ERISA claim for Health Plan Benefits must be remanded to the Plan administrator because Plaintiff failed to exhaust its administrative remedies. (Doc. 46 at 2).  After Plaintiff asserted the claim for Health Care Benefits, Defendants claim that they repeatedly asked Plaintiff to furnish the Plan with essential information regarding the claim so that the Plan Administrator could complete its review and determine the validity and amount of the claim.  (Doc. 46 at 2-3).  Defendants assert that instead of complying, Plaintiff filed this action.  Plaintiff argues that remand is not appropriate primarily because Defendants never requested the cost information.  (Doc. 61 at 15).

ERISA requires claimants to exhaust their administrative remedies under ERISA in order to permit both parties to have the opportunity to resolve the matter before judicial intervention.  Diaz v. United Agric. Employee Welfare Benefit Plan & Trust, 50 F.3d 1478, 1483 (9th Cir. 1995) (explaining that review of all relevant information with regards to the claim is an important initial step prior to judicial intervention).  When a plan administrator is rendered unable to make a decision on an application for benefits, the appropriate remedy is to remand the claim to the Plan Administrator for further proceedings and findings.  Di Giovanni v. Chevron Corporation Long-Term Disability Plan, 2003 WL 22416416 (N.D. Cal. Oct. 10, 2003).   The requirement that Plaintiff exhaust all administrative remedies "serves important purposes" to "enable an employer, or its plan, to obtain full information about a claim for benefits, to compile an adequate record, and to make a reasoned decision." Brown v. J.B. Hunt Transport Servs. Inc., 586 F.3d 1079, 1084 (8th Cir. 2009).  It also

1  provides a "substantial benefit to reviewing courts because it gives them a factual predicate
2  upon which to proceed."  Id.
3  　　　　Although this fact is not dispositive, it appears that Defendants did, in any case, make
4  a written request for the cost information.  On June 3, 2009, Stephen S. Zubrow, counsel for
5  Giant Eagle and the Plan, wrote to Michael J. Ward, Angel Jet's Associate General Counsel,
6  to follow up on an unanswered telephone request to Mr. Ward for the cost information:

> When we last spoke, I requested that Giant Eagle be provided information related to Angel Med Flight's use of a third-party to perform the above-referenced air transport. Specifically, I am requesting that we be provided information and/or documentation related to the cost of the third-party service. This will further Giant Eagle's evaluation of your claim. I look forward to hearing from you at your earliest convenience.

(Doc. 66-1).

　　　　Here, given that the administrative record was not complete at the time that Angel Jet filed this action (and Plaintiff does not argue that a remand would be futile), the Court will remand this action for an initial determination by the Plan administrator.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendants' Motion for Judgment on the Pleadings on all State Law Claims (Doc. 46) and dismissing Plaintiff's state law claims from this action.

**IT IS FURTHER ORDERED** granting Defendants' Motion to Remand ERISA claims to Plan Administrator for Completion of Administrative Proceedings (Doc. 47).

**IT IS FURTHER ORDERED** remanding Angel Jet's ERISA claims to the Plan Administrator.

/ / /

1      **IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this
2 action.

3      DATED this 30th day of September, 2010.

/s/ Mary H. Murguia
Mary H. Murguia
United States District Judge